SCHOTT, Judge.
Adam Badeaux initiated these proceedings by filing a petition entitled “Petitory Action” against Warren Pitre. In his petition Badeaux claimed to be the owner of a piece of land measuring 258 feet front on Louisiana Highway 306 and 275 feet in the rear along Bayou Gauche. This property is shown as the land “claimed by Adam Ba-deaux” on a survey which is made an appendix to this opinion. Plaintiff claimed ownership by virtue of possession for 30 years under LSA-C.C. Art. 3499. In his petition he alleged that he had authorized one Harry Saucier to occupy a portion of the property for use as a camp site, and on April 13,1972, Saucier sold his house and a wharf and a boat landing to defendant. Badeaux then alleged:
“4.
That defendant, after that purchase, did begin to occupy the building situated on plaintiff’s land until October, 1977, without any difficulty, but then and there did exert an adverse claim against petitioner’s property by exercising adverse possession against him and by setting stakes to mark boundary lines, by advertising the property for sale, and by removing certain markers that plaintiff had established to set up the property to be peaceably occupied by the defendant.
“5.
That the defendant, in exercising adverse claims against plaintiff, is in possession of the property or a portion of it without any title whatsoever thereto, and without any right to possession of said property except upon and at plaintiff’s pleasure, and the said defendant refuses to deliver possession of said property to plaintiff without any good or legal cause for such refusal.”
Plaintiff prayed for judgment as follows: “. recognizing plaintiff as the true and lawful owner of the above described property, and as such, entitled to the full and undisturbed possession thereof and ordering said defendant to deliver possession of said property to plaintiff . . . ."
In his answer Pitre alleged that Badeaux never exercised possession of the land adversely to him.
The judgment of the trial court provided that 1) Badeaux “made out a good and valid title” based on acquisitive prescription of 30 years as to the whole of the property, 2) he granted to Saucier a servitude of use on the part of the land on which Saucier built a camp and wharf; and 3) this servitude of use was transferred by Saucier to Pitre with the sale of the camp and wharf.
At the outset we notice on our own motion, pursuant to C.C.P. Art. 927 that the petition does not disclose a cause of action as a petitory action which, under C.C.P. Art. 3651, is brought by one who claims ownership but who is not in possession. At best, plaintiff may state a cause of action for a possessory action which is defined by C.C.P. Art. 3655 as follows:
“The possessory action is one brought by the possessor of immovable property or of a real right to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.”
Even so in his petition plaintiff does not claim to be in possession of that part of the land where Pitre’s camp, wharf and boat pen are located and admits that he has not been in possession of this portion of the land since 1963 when he voluntarily relinquished possession to Saucier. Thus, the nature of Badeaux’s claim is unclear from *976 his pleadings and is even more so when the evidence is considered.
Badeaux took possession of this property in 1942 when he purchased a house from one Oscar Jervais for $60. Shortly thereafter a second house was constructed on the property for occupancy by plaintiff’s father and upon Badeaux’s completion of service in the Armed Forces in 1944 he moved into the house occupied by his father. Sometime thereafter he constructed the house in which he was living at the time of the trial in May, 1978, shown on the survey to be Adam Badeaux’s house. In 1962 Harry Saucier obtained permission from Badeaux to construct the camp and he subsequently cut the canal west of the camp and built a boat shed with Badeaux’s help. Badeaux testified that Saucier took care of all the property west of his camp. When Saucier decided to sell the camp, wharf and boat shed in 1972 he offered it to Badeaux who declined to purchase it and got Pitre interested in purchasing it. After Pitre bought it he re-did the wharf, built a new boat shed and improved the camp. There was no difficulty for anyone from 1972 until shortly before this suit was filed in November, 1977, when the disturbance to Pitre occurred. The testimony is quite vague on this point but it seems that Pitre placed signs on the property advertising his camp for sale and Badeaux was somehow prompted to post “No Trespassing” signs on or near Pitre’s boat shed west of his camp, whereupon Pitre removed them. Badeaux offered to rent the land to Pitre for five dollars per year but Pitre declined because he felt that the land did not belong to Badeaux.
In his testimony, Badeaux admitted: “I didn’t own the land [when Pitre bought the camp]. I still don’t own the land.”
If we consider this a possessory action the record does not support the judgment. In the first place there is no suggestion that the whole of the property was ever in dispute so that no basis exists for the judgment to cover anything beyond that portion of the property which Pitre was occupying. Badeaux’s possession of the rest of the property was never disturbed by Pitre. In the second place Badeaux has no right to possession greater than Pitre because, at the time Pitre took possession, Badeaux did not own the property and had no right to grant permission to anyone to take possession of the property. Badeaux, Saucier and Pitre were all squatters. The only difference was that Badeaux was the first. Third, whatever rights Badeaux may have acquired by 30 years’ possession do not apply to the land west of Pitre’s camp because he has not possessed that part of the land since Saucier came in 1963. Saucier could not possess for Badeaux because Badeaux had no right to give permission to anyone to possess any of the land. Badeaux was a mere squatter at the time. The same applies to Pitre’s possession.
That part of the judgment which recognizes Pitre to have a servitude of use is equally unsupportable because when Saucier and Pitre came on the land Badeaux wasn’t the owner and had no right to create or grant servitudes in favor of anyone.
We have therefore concluded that the judgment appealed from has no basis in law and fact. Accordingly, the judgment is reversed and set aside and there is judgment in favor of defendant Warren Pitre, and against plaintiff Adam Badeaux, dismissing his suit at his cost.
REVERSED AND RENDERED.
STOULIG, J., concurring with written reasons.
BOUTALL, J., dissenting with written reasons.

*977